In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 23-2274

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOHN JOHNSON,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court for the
Central District of Illinois.
No. 2:01-cr-20004 — **Michael M. Mihm**, *Judge.*

———————————

ARGUED MARCH 5, 2024 — DECIDED MARCH 26, 2025

———————————

Before SYKES, *Chief Judge*, and LEE and KOLAR, *Circuit Judges*.

LEE, *Circuit Judge*. In June 2020, John Johnson pleaded guilty to a two-count indictment charging him with distributing large volumes of cocaine on two different days in 2014. He was serving a term of supervised release for a 2001 crack cocaine conviction at the time, and so his guilty plea also led to the revocation of his supervised release.

At Johnson's request, the district court held a combined sentencing hearing and addressed the new offenses and his violation of supervised release on the same day. For the former, the court imposed a sentence of 180 months of imprisonment and six years of supervised release for each count, to be served concurrently. As for the latter, the court imposed a sentence of 24 months of imprisonment, to be served concurrently with the 180–month sentence.

Johnson subsequently filed a motion requesting that the 24-month sentence be reduced pursuant to the First Step Act. The district court denied the request believing that Johnson was not eligible for a reduction, and Johnson appealed. We conclude that Johnson's revocation sentence is eligible for a reduction under the First Step Act; however, because his concurrent 180-month sentence renders the district court's error harmless, we affirm.

**I**

In 2001, Johnson pleaded guilty to distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). He was sentenced to 70 months in prison (which was later reduced to 60 months based on an amendment to the Sentencing Guidelines not relevant here) and 5 years of supervised release. Because part of his sentence was consecutive to a separate 20-year state prison term, Johnson did not complete his federal prison term until 2011, when he began serving his term of supervised release.

While on supervised release, Johnson violated the conditions of his release on numerous occasions and had several run-ins with law enforcement. Relevant here, on July 16 and August 25, 2014, local police officers and federal agents

recorded Johnson selling large quantities of powder cocaine. This led to a 2017 indictment charging him with two counts of violating 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C). Johnson eventually pleaded guilty to both counts in 2020, and his plea also led to the revocation of his supervised release.

At Johnson's urging, the district court combined the sentencing hearings for the new drug convictions and the supervised release violation. After providing a single analysis of the sentencing factors under 18 U.S.C. § 3553(a), the court entered two different judgments. For the powder cocaine convictions, the court sentenced Johnson to 180 months of imprisonment and 6 years of supervised release per count, to be served concurrently. For Johnson's violation of his supervised release conditions, the court imposed a sentence of 24 months of imprisonment to be served concurrently with the 180-month sentence. The government had requested that the sentences run consecutively, but the court disagreed, reasoning that doing so "would be punitive" and that "180 months is a sufficient sentence" for the new drug offenses and the supervised release violation. We later affirmed the sentence as to the powder cocaine offenses. *See United States v. Johnson*, 43 F.4th 771, 784 (7th Cir. 2022).

Almost two years later, Johnson moved under Section 404(b) of the First Step Act of 2018 for a reduction of his 24-month sentence. That Act makes retroactive sections 2 and 3 of the Fair Sentencing Act of 2010, which lowered the penalties for certain crack-cocaine offenses. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018); Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010).

In doing so, the First Step Act permits a sentencing court to "impose a reduced sentence as if section 2 or 3 of the Fair

Sentencing Act … were in effect at the time the covered of-
fense was committed." First Step Act § 404(b). In turn, a "cov-
ered offense" is defined as "a violation of a Federal criminal
statute, the statutory penalties for which were modified
by … the Fair Sentencing Act of 2010 …, that was committed
before August 3, 2010." *Id.* § 404(a). That said, the First Step
Act also provides that "[n]o court shall entertain a motion …
to reduce a sentence if the sentence was previously imposed
… in accordance with the amendments made by sections 2
and 3 of the Fair Sentencing Act of 2010." *Id.* § 404(c).

In his request for relief, Johnson argued that the sentence
he received for his 2001 crack-cocaine conviction is a covered
offense under the Act. (The government does not dispute
this.) And, in his view, he is serving prison time for that cov-
ered offense because his 24-month sentence stems from his vi-
olation of the supervised release term the court had imposed
in 2001 as part of the sentence for that offense.

Opposing the motion, the government argued that John-
son was ineligible for relief because Section 404(c) of the First
Step Act bars relief to a defendant whose sentence was im-
posed "in accordance" with the Fair Sentencing Act. And, in
its view, because Johnson was sentenced for his supervised
release violation in 2020—well after the enactment of the First
Step Act—he is subject to § 404(c)'s limitation. The district
court agreed with the government, and Johnson appeals that
decision.

## II

To resolve this appeal, we need to answer two questions.
First, is Johnson eligible to seek a reduction of his 24-month
revocation sentence under the First Step Act? Second, if he is,

does his concurrent 180-month sentence for his 2020 powder cocaine offenses render the error harmless?

## A. First Step Act Eligibility

Whether a defendant is eligible for sentencing relief under the First Step Act is a question of law that we review *de novo*. *United States v. Shaw*, 957 F.3d 734, 738 (7th Cir. 2020). The First Step Act allows a district court to "impose a reduced sentence" if the defendant was sentenced for a "'covered offense' … committed before August 3, 2010." First Step Act § 404(a), (b). Section 404(c), however, bars courts from considering a defendant's motion to reduce a sentence "if the sentence was previously imposed or previously reduced in accordance with … the Fair Sentencing Act of 2010" or if a previous First Step Act motion was denied on the merits. *Id.* § 404(c). *See also Concepcion v. United States*, 597 U.S. 481, 496–97 (2022).

For Johnson, the eligibility question boils down to this: can a defendant seek a reduction of a sentence resulting from a violation of supervised release when the term of supervised release was imposed in connection with "a covered offense?" In other words, what is the relationship between a revocation sentence and the original sentence? The Supreme Court answered this question in *Johnson v. United States*, where it explained that "postrevocation penalties relate to the original offense." 529 U.S. 694, 701 (2000). And it affirmed this view in *United States v. Haymond*, when it explained; "This Court has already recognized that supervised release punishments arise from and are 'treat[ed] … as part of the penalty for the initial offense.'" 588 U.S. 634, 648 (2019) (quoting *Johnson*, 529 U.S. at 700).

From this, it follows that, under the First Step Act, a defendant may seek a reduction of a sentence imposed upon revocation of supervised release when the underlying crime from which the supervised release stems is a "covered offense." *Cf. United States v. Corner*, 967 F.3d 662, 666 (7th Cir. 2020) (remanding for district court to consider effect of First Step Act on defendant's term of imprisonment imposed on revocation). This conclusion aligns with every other circuit that has considered this issue. *See United States v. Gonzalez*, 71 F.4th 881, 884–85 (11th Cir. 2023); *United States v. Woods*, 949 F.3d 934, 937 (6th Cir. 2020); *United States v. Venable*, 943 F.3d 187, 194 (4th Cir. 2019). Thus, Johnson is eligible to seek a reduction of his 24-month sentence under the First Step Act.

The government contends that the above cases are distinguishable because, unlike the sentences there, Johnson's revocation sentence was imposed after the First Step Act's effective date. In its view, this timing triggers § 404(c) because (1) the 2020 revocation "sentence" is separate and distinct from the 2001 "sentence" and (2) the former must be considered a "sentence … imposed in accordance" with the Fair Sentencing Act because it came after the enactment of the First Step Act in 2018. But even assuming that Johnson's revocation sentence were separate from his original sentence (it is not, for the reasons explained), nothing in the record suggests that it was imposed "in accordance with" the Fair Sentencing Act.

The Fair Sentencing Act could have influenced Johnson's revocation sentence in two ways, but neither occurred here. First, in the context of a revocation proceeding, the Fair Sentencing Act could alter the advisory guideline range for a defendant by lowering the defendant's criminal history

category. *See* U.S.S.G. § 7B1.4. This did not apply to Johnson because his criminal history category was III with or without the Act.

Second, the Fair Sentencing Act could affect a revocation sentence by altering the statutory maximum term of reimprisonment. The statutory maximum is determined by reference to the original offense of conviction—here, Johnson's 2001 crack-cocaine conviction. *See* 18 U.S.C. § 3583(e)(3). Before the Fair Sentencing Act, Johnson's crack-cocaine conviction was a Class B felony, *see* 21 U.S.C. § 841(b)(1)(B), carrying a maximum term of imprisonment of three years, *see* 18 U.S.C. § 3583(e)(3)*.* Had the Fair Sentencing Act been in effect at the time of his conviction, his crime would be a Class C felony, *see* 21 U.S.C. § 841(b)(1)(C), carrying a maximum term of imprisonment of only two years, *see* 18 U.S.C. § 3583(e)(3).

Here, when determining the maximum term of imprisonment for Johnson's supervised release violation, the district court relied on the probation officer's recommendation that Johnson faced a three-year maximum term of imprisonment (based on the fact that his original offense was a Class B felony). This was proper under our holding in *United States v. Cotton*, 108 F.4th 987, 990–91 (7th Cir. 2024). But the court's reliance on a three–year maximum imprisonment term, rather than a two–year maximum, demonstrates why Johnson's revocation sentence was not "imposed in accordance with" the Fair Sentencing Act even though it was imposed after the effective date of the First Step Act.

For these reasons, the district court erred when concluding that Johnson was not eligible to seek a reduction of his revocation sentence under the First Step Act.

**B. Harmless Error**

The second question we need to answer is whether the district court's error was harmless. *See United States v. Curtis*, 66 F.4th 690, 695 (7th Cir. 2023). As the government observes, Johnson's 24-month revocation sentence is to act concurrently with the much longer, 180-month prison term for his powder-cocaine convictions. So long as the longer sentence remains intact, the government continues, the district court's failure to consider Johnson's request to reduce his revocation sentence is harmless. *See Ruiz v. United States*, 990 F.3d 1025, 1031–32 (7th Cir. 2021) (harmless error where "even a complete vacatur" of challenged conviction would not reduce total term of imprisonment).

Johnson cautions that the question is more complicated than it first appears. Citing *United States v. Curtis*, Johnson argues that the First Step Act authorizes a court to reduce a sentence for a non-covered offense (here, the 180-month sentence) where that sentence is part of "a single, integrated sentence that blends punishment for a covered offense with punishment for a non-covered offense, such that the term 'sentence' applies to both offenses." 66 F.4th at 694. But it is difficult to see how *Curtis* applies here.

A review of *Curtis* is helpful to understand why this is so. In that case, the defendant Curtis was convicted on six different counts. *Id.* at 692. Counts One, Two, and Six were "for conspiracy to possess crack cocaine with the intent to distribute, employing juveniles in furtherance of the conspiracy, and possession of crack cocaine with intent to distribute." *Id.* We called these the "Drug Conspiracy Counts." *Id.* Counts Three and Four were "for causing the death of another with a firearm in furtherance of the conspiracy." *Id*. Count Seven was for

carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). (Count Five related to another defendant.) *Id.*

The district court imposed a sentence of life imprisonment on Count One and 480 months on Counts Two and Six, to be served concurrently. *Id.* The court also imposed two consecutive life sentences on Counts Three and Four and another consecutive 60 months on Count Seven. *Id.*

Seeking a reduction in his sentence, Curtis filed a motion under the First Step Act. The district court agreed that he was eligible for a reduction as to the sentences for his Drug Conspiracy Counts, but not the others because they were not "covered offenses" under the Act. *Id.* at 693. Curtis appealed, arguing that the entire sentence should be treated as "a single sentencing package" subject to adjustment under the Act. *Id.*

In resolving the appeal, we observed that district courts had already been allowed to adjust a sentence under the First Step Act when the Sentencing Guidelines grouped both covered and uncovered offenses to arrive at an aggregate sentence. *See* U.S.S.G. §§ 3D1.1—3D1.4. From this, we reframed the question as "whether the sentence can be characterized as an aggregate sentence." *Curtis*, 66 F.4th at 694. In other words, "[t]he operative question is whether there is reason to think that, at the time of the sentencing, the two sentences were interdependent." *Id.* Grouping is one indication of an aggregated sentence, but not the only one. Others include "statements made at the time of sentencing or evidence that the court intended to issue one global sentence of an appropriate length." *Id.* In the end, we concluded that the sentences for the covered Drug Conspiracy Counts were "distinct and

disaggregated" from the sentences for the gun counts and af-firmed. *Id.* at 695.

As in *Curtis*, Johnson's 24-month revocation sentence and the 180-month powder cocaine sentence are distinct and dis-aggregated. First, the sentences were issued in two different cases and resulted in two different judgments. Second, the revocation sentence stemmed from Johnson's crack cocaine conviction in 2001 while the 180-month sentence arose out of his 2020 conviction for powder cocaine. Third, nothing in the record indicates that the district court intended to issue one global sentence to address both the supervised release viola-tion and the powder cocaine offenses. To the contrary, the court made it clear that it viewed the violation and the drug offenses as two distinct types of misfeasance.

Despite this, Johnson insists that his sentences are interde-pendent, but his arguments are unavailing. First, he points out that the sentences were based on the same underlying facts and were imposed on the same day after the district court conducted one analysis under Section 3553(a). But this was true in *Curtis* as well where the sentences for the different sets of counts were issued in the same proceeding and based on the same underlying facts. *See Curtis*, 66 F.4th at 694–695. Here, the district court handled the two proceedings simulta-neously out of administrative convenience at Johnson's re-quest. This does not demonstrate a "connection between the offenses for purposes of sentencing." *Id.* at 694.

Second, Johnson argues that the sentences are interde-pendent because the district court made them concurrent and said that making them consecutive "would be punitive." But concurrence does not equal interdependence. The court ex-plained that 24 months was appropriate for the violation of

the conditions of supervised release, while a much longer 180-month term was needed to address the crime of distributing powder cocaine. Thus, the court considered the two types of misconduct separately. Indeed, if the district court believed that the 180-month sentence sufficiently addressed both the supervised release violation and the powder cocaine offenses, it is difficult to see why the court would have imposed any prison time for the former rather than just relying on the latter. The court's decision to document the two sentences in two separate judgments further confirms it.

### III

In short, even though Johnson was eligible for sentencing relief on his 24-month revocation sentence, the lack of relief on that sentence is harmless because the district court could not reexamine the lengthier, concurrent 180-month prison term for his convictions for selling powder cocaine. For these reasons, the judgment is AFFIRMED.